UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL A. LEE | : | Case Number |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL COMPLAINT |
| | : | |
| DYNAMIC RECOVERY SOLUTIONS, LLC | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Michael A. Lee, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

**I.    INTRODUCTORY STATEMENT**

1.     Plaintiff, Michael A. Lee, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), New York General Business Law §349, and New York General Business Law §601, as well as for relief from Invasion Of Privacy By Intrusion Upon Seclusion.

**II.    JURISDICTION**

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4. Plaintiff, Michael A. Lee (hereinafter referred to as "Plaintiff"), is an adult natural person residing at 362 Remington Street, Apartment 1, Rochester, New York 14621.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5. Defendant, Dynamic Recovery Solutions, LLC (hereinafter referred to as "Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of South Carolina and New York with a principal place of business located at 135 Interstate Boulevard, Suite #6, Greenville, South Carolina 29615.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Within the last year, the Plaintiff has been receiving constant and continuous harassing calls from Defendant on both his home phone and cell phone, intruding upon his solitude and demanding payment on an alleged past due debt of approximately $10,000.00 said to be owed by the Plaintiff on an Arcadia credit card.

8. Most of these phone calls came from the phone number (866) 996-1535, which is a phone number used by Defendant in its collection efforts.

9. Several of these phone calls occurred at an unusual time and/or unusual place known to be inconvenient to Plaintiff.

10. Plaintiff was never advised by Defendant of his right to dispute this alleged debt.

11. During a phone call placed by Defendant to Plaintiff in the latter half of 2014, Plaintiff advised Defendant that he never had an Arcadia credit card, that he never had any credit card with that high of a balance, that this alleged account was not appearing on his credit report, and that he requested validation of this alleged debt.

12. The debt Defendant alleges Plaintiff owes is in fact not authorized by any agreement executed by the Plaintiff.

13. Defendant did not and has never provided validation of this debt, despite multiple requests from Plaintiff; Defendant instead continued on with their collection efforts.

14. During a subsequent phone call placed by Defendant to Plaintiff in the last quarter of 2014, Plaintiff requested that Defendant stop calling Plaintiff regarding this debt and instead correspond with him only in writing.

15. Despite Plaintiff's request, Defendant continued on with their oppressive phone calls.

16. During a subsequent phone call placed by Defendant to Plaintiff in or about December 2014, Defendant abused Plaintiff by advising him that they would pursue the matter in Court despite the fact that Defendant had no intention on so doing.

17. This was deceptive and misleading insomuch as as of the date of the filing of this Complaint, no legal action has been taken by Defendant against Plaintiff with regards to the alleged debt.

18. During a subsequent phone call placed by Defendant to Plaintiff in or about February 2015, Defendant again requested that Plaintiff stop calling him regarding this debt and instead correspond with him only in writing.

19. Defendant responded to Plaintiff's request by abusing Plaintiff, advising him that they would keep calling him until he paid the alleged debt in full.

20. As of the date of the filing of this Complaint, the alleged account does not appear on Plaintiff's credit report.

21. As of the date of the filing of this Complaint, Defendant continues to harass Plaintiff with phone calls in their attempts to collect upon this alleged debt despite Plaintiff's request that the phone calls cease.

22. As of the date of the filing of this Complaint, Defendant has not provided Plaintiff with anything in writing with regards to this alleged debt, including a 30-day validation notice.

23. The Defendant acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | Prohibited communication at any unusual time or unusual place known to be inconvenient to the consumer. |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(2): | Profane language or any abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692(e)(2) | Character, amount, or legal status of debt. |
| §§ 1692(e)(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken. |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1) | Attempted to collect any amount not authorized by the agreement creating the debt or permitted by law. |
| §§ 1692g | Failure to send consumer a 30-day validation notice within five days of the initial communication. |
| §§ 1692g(a)(3) | Must state right to dispute debt within 30 days. |
| §§ 1692g(b) | Collector must cease collection efforts until debt is validated. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Dynamic Recovery Solutions, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

**COUNT II - Violations of New York General Business Law §349**

31. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

32. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

33. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

34. As a direct and proximate result of Defendants' deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendants.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages

   b. Statutory damages

   c. An award of reasonable attorney's fees and expenses and cost of suit; and

   d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### COUNT III - Violations of New York General Business Law §601

35. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

36. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

37. GBL §601 provides in relevant part as follows:

   (6) Communicate with the debtor or any member of his family or

household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III - Invasion Of Privacy By Intrusion Upon Seclusion

38. The above paragraphs are hereby incorporated herein by reference.

39. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. New York recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated New York law.

41. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

42. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second,

§ 652(b) requirement for an invasion of privacy.

43. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

45. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

   b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

   c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: February 18, 2015          BY: */s/Brent F. Vullings*
                                      Brent F. Vullings, Esquire
                                      Vullings Law Group, LLC
                                      3953 Ridge Pike
                                      Suite 102
                                      Collegeville, PA 19426
                                      P: 610-489-6060
                                      F: 610-489-1997
                                      Attorney for Plaintiffs
                                      bvullings@vullingslaw.com